[56 NYS3d 876]

In the Matter of RANDY M. LEVINE, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 2, 2017

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn, for petitioner.

*Randy M. Levine*, New York City, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

On March 21, 2016, upon a plea of guilty before the Honorable Jeanette Rodriguez-Morick, Justice of the Supreme Court, Bronx County, the respondent was found guilty of vehicular assault in the second degree, in violation of Penal Law § 120.03 (1), a class E felony. On May 25, 2016, Justice Rodriguez-Morick sentenced the respondent to a five-year period of probation, ordered him to install an ignition interlock device for one year, and directed him to pay a mandatory surcharge of $300, a crime victim assistance fee of $25, and a DNA data bank fee of $50. The respondent notified this Court of his conviction by letter, which was received on June 20, 2016.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts now moves to strike the respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (b) based upon his felony conviction. By letter dated May 22, 2017, the respondent, among other things, requested that his disbarment be retroactively applied, notwithstanding the Grievance Committee's delay in filing the motion to strike.

Pursuant to Judiciary Law § 90 (4) (a), the respondent was automatically disbarred and ceased to be an attorney upon his conviction of a felony.

Accordingly, the motion to strike the respondent's name from the roll of attorneys and counselors-at-law is granted, pursuant to Judiciary Law § 90 (4) (b), to reflect the respondent's automatic disbarment as of March 21, 2016.

ENG, P.J., RIVERA, DILLON, BALKIN and DUFFY, JJ., concur.

Ordered that the motion is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Randy M. Levine, is disbarred, effective March 21, 2016, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,

Ordered that the respondent, Randy M. Levine, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Randy M. Levine, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an at-

torney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Randy M. Levine, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).